UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLIE LUCKETT                                                                               PLAINTIFF

V.                                               CIVIL ACTION NO. 3:21-CV-269-KHJ-MTP

HOWMEDICA OSTEONICS CORP. d/b/a                                    DEFENDANT
STRYKER ORTHOPAEDICS

ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendant Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics ("Howmedica") [9]. For the following reasons, the Court DENIES the motion without prejudice.

I.      Facts and Procedural History

On June 18, 2007, Plaintiff Charlie Luckett underwent a left total hip arthroplasty at the University of Mississippi Medical Center ("UMMC") in Jackson, Mississippi. Pl. Compl. [1] at ¶ 6. Howmedica manufactured and distributed these components used for the hip surgery: (1) Traident Hemispherical Acetabular Shell; 60mm' Serial # 500-11-60AG; Lot #21508701; (2) + 8 32mm Stryker Femoral Head; (3) Trident X3, 0 degree Polyethylene Insert; 32 mm G Serial # 623-00-32G; Lot # 1X5MED; and (4) Citation TMZF HA Hip Stem #6 Left; Serial # 6265-5106; Lot # 20540502. *Id.*

Twelve years later, around July 15, 2019, Luckett contends he "heard a pop and experienced a sudden onset of severe pain localized to his left leg." *Id.* at ¶ 7. He sought emergency medical treatment at UMMC, where ultimately "x-rays revealed

a fracture of the neck of the left femoral component with lateral displacement of the distal femur and proximal migration requiring left total hip revision." *Id.* Luckett alleges that, during his hip revision surgery on July 16, 2019, the surgeon discovered that Luckett's left total hip arthroplasty was unsuccessful due to implant failure from Howmedica's components. *Id.* at ¶ 8.

Luckett sued Howmedica on April 16, 2021. *Id.*  Luckett seeks damages from product liability claims— including failure to warn and negligence— and breach of express warranties and implied warranty of merchantability and fitness. *Id.* at ¶¶ 11, 15-29. Howmedica then moved to dismiss Luckett's Warranty-Based Claims [9] under Federal Rule of Civil Procedure 12(b)(6), arguing that the warranty-based claims are time-barred. Mem. in Support of Motion to Dismiss [10].

II.   Standard

In reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (alteration omitted)). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

III.   Analysis

Under Mississippi law, "[a]n action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued." Miss. Code § 75-2-725(1) (2019). "A breach of warranty occurs when tender of delivery is made[.]" *Id.* at § 75-2-725(2).

Howmedica contends, and Luckett does not dispute, that delivery occurred no later than June 18, 2007, the date of Luckett's arthroplasty when the Howmedica products were implanted. [10] at 3. So Luckett needed to sue for his implied warranty claims by 2013 to comply with the six-year statute of limitations. In response, Luckett asserts that the statute of limitations tolled because (1) Howmedica engaged in fraudulent concealment, and (2) Howmedica warranted to Luckett's physician that the hip would "outlast" him— essentially a lifetime warranty. Response in Opposition to the Motion to Dismiss. [14]; Response Memorandum Opposing Motion to Dismiss [15].

"To establish a claim of fraudulent concealment, 'there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim.'" *Trustmark Nat. Bank v. Meador*, 81 So. 3d 1112, 1119 (Miss. 2012) (quoting *Reich v. Jesco, Inc.*, 526 So. 2d 550, 552 (Miss. 1988)). Additionally, a plaintiff must show "due diligence was performed on its part to

3

discover the claim." *Id.* (citation omitted). The requirement that a plaintiff show an affirmative act does not refer to the act that gives rise to the claim, but instead "to a *subsequent* affirmative act of concealment." *Alexander v. Wyeth*, 897 F. Supp. 2d 489, 493 (S.D. Miss. 2012).

Despite Luckett's contentions to the contrary, Mississippi law requires plaintiffs to sufficiently plead fraudulent concealment. [15] at 2-3; *see Tanner v. Pfizer, Inc.*, Case No. 1:15-cv-75-HSO-JCG, 2015 WL 6133207, at *3 (S.D. Miss. Oct. 19, 2015) (stating that under Mississippi law, "the failure to plead [fraudulent concealment] sufficiently will result in the dismissal of the complaint." (internal quotation omitted)). Luckett does not allege any later affirmative act of concealment by Howmedica. As a result, he has not pled "sufficient factual matter" to give his claim "facial plausibility" to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[1] *See Iqbal*, 556 U.S. at 678. Luckett's fraudulent concealment claim fails.

Luckett also contends that the statute of limitations on his warranty claims tolled because Howmedica allegedly warranted to Luckett's physician that "the hip would 'outlast' [Luckett]." [15] at 4. He asserts that this statement constitutes an express lifetime warranty. *Id.*

---

[1] The Court recognizes that because Luckett presents a fraudulent concealment claim, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) may apply instead of that of Rule 8. *See Culpepper Enters. Inc. v. Parker*, 270 So.3d 116, 127 (Miss. Ct. App. 2018). Because Luckett does not meet the less-stringent requirements of Rule 8, however, the Court does not address the 9(b) pleading standard.

4

This allegation is not pleaded in the Complaint but is mentioned for the first time in Luckett's Response in Opposition to the Motion to Dismiss. [14]. Luckett elaborates that his physician advised of this warranty not Howmedica. [15] at 4. Miss. Code § 75-2-313(1)(a) states that the seller express creates express warranties by "[a]ny affirmation of fact or promise made by the seller to the buyer . . . ." Here, there is no allegation that Howmedica, the seller, communicated a lifetime warranty to Luckett, the buyer. Rather, Luckett merely purports that his physician assured him that his "hip would outlast him" without mentioning the Howmedica components or attributing that statement to Howmedica. Thus, Luckett did not plead sufficient factual matter for a plausible claim for relief on his express warranty claim.

Luckett requests leave to amend his Complaint if the Court finds deficiencies. Howmedica opposes this request and insists any amendment is futile. Howmedica may be correct. But because this is Luckett's first request to amend his Complaint, the Court will allow Luckett an opportunity to do so and plead his best case. If he does not, the Court will dismiss all claims that do not state a claim upon which relief should be granted.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, Defendant Howmedica Osteonics Corp.'s Motion to Dismiss Plaintiff's Warranty-Based Claims [9] is DENIED

5

without prejudice. Luckett has 14 days from today to amend his Complaint to cure the deficiencies identified by the Court.

SO ORDERED AND ADJUDGED ON THIS 13th day of September, 2021.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE